IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-00664-CMA-MEH

RUSSELL TOBIAS, and
WILLIAM LEOPARD,

                Plaintiffs,

v.

TRAN UNION, LLC, and
BANK OF AMERICA, N.A.,

                Defendants.

## AGREED PROTECTIVE ORDER

It is ORDERED that the parties herein comply with the provisions of this Order set forth below.

Russell Tobias and William Leopard have filed this lawsuit (the "Litigation") against Defendants Trans Union LLC and Bank of America, N.A., ("Defendants"), alleging that Defendants are liable to Plaintiffs for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  In connection with the Litigation, Plaintiffs have sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants have sought discovery or testimony regarding the personal identifying information of Plaintiffs (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

1

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential.  Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order.  At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information". Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

The Parties, their attorneys, or any one else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

In the event the Parties intend to file Confidential Information with the Court, they shall file it under seal pursuant to the requirements of Court for filing documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a

Party may move the Court for modification of this Order, no later than fourteen (14) days after the objection to the designation has been raised.  It shall be the obligation of the designating party to prepare and present the motion.  If such a motion is not brought within fourteen (14) days, then the designation of Confidential Information in dispute shall be effectively withdrawn. The Confidential Information designation shall be maintained pending disposition of such a motion.

This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information.  Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

The Parties cannot use or disclose any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to submit any Confidential Information to the Court under seal as described above.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiffs and Defendants with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel the original and any copies of any Confidential Information produced or certify the destruction of any non-work product Confidential Information

SO ORDERED this 30th day of July, 2015, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

**AGREED:**


 */s/ David M. Marco*

**DAVID M. MARCO** (IL Bar No. 6273315)
dmarco@smithmarco.com
**LARRY P. SMITH**
lsmith@smithmarco.com
**SMITHMARCO P.C.**
205 North Michigan Ave., Ste 2940
Chicago, IL 60601
(312) 546-6539
(888) 414-1277 Fax
*Counsel for Plaintiffs*

 */s/ Kelly A. Hensley*

**KELLY A. HENSLEY**
kelly.hensley@strasburger.com
Texas Bar No. 24055656
**STRASBURGER & PRICE LLP**
2801 Network Boulevard, Suite 600
Frisco, TX 75034
469-287-3925
469-305-4298 (Fax)
 and
 **BENTON BARTON**
 bartonb@hallevans.com
Colorado Bar No. 30760
 **HALL & EVANS, LLC**
 1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
(303) 628-3368 Fax
*Counsel for Trans Union LLC*


 */s/ Cynthia D. Lowery-Graber*

**CYNTHIA DAWN LOWERY-GRABER**
cynthia.lowery-graber@bryancave.com
**BRYAN CAVE LLP**
1700 Lincoln St., Ste 4100
Denver, CO 80203-4541
(303) 866-0331
(303) 335-3931 Fax
*Counsel for Bank of America, N.A.*

## EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, _Russell Tobias, et al v. Trans Union LLC, et al_ , Civil Action No. 1:15-cv-00664-CMA-MEH, which is currently pending in the United States District Court for the District of Colorado, Denver Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the District of Colorado, Denver Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____     Signed: _____

                                    Printed: _____